

# Notice of Service of Process

**Primary Contact:** State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number 3461650 |
| **Entity Served:** | State Farm Fire & Casualty Company |
| **Title of Action:** | Jerry Shrum vs. State Farm Fire & Casualty Company |
| **Matter Name/ID:** | Jerry Shrum vs. State Farm Fire & Casualty Company (17831470) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Davidson County Circuit Court, TN |
| **Case/Reference No:** | 25C2231 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 09/02/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce & Insurance 08/18/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Quintero Law Firm PLLC<br>407-900-3582 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



Department of
**Commerce &**
**.Insurance**

August 26, 2025

State Farm Fire & Casualty Co.                    Certified Mail
2908 Poston Avenue c/o C S C                      Return Receipt Requested
Nashville, TN  37203                              7020129000016214-4452
NAIC# 25143

Re:  Jerry Shrum V. NAIC# 25143

Docket # 25C2231

To Whom It May Concern:

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served August 18, 2025, on your behalf in connection with the
above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc:   Circuit Court Clerk
      Davidson County
      P.O. Box 196303
      Nashville, TN  37219-6303

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

# CIRCUIT COURT SUMMONS

# NASHVILLE, TENNESSEE

Service ID 537898

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20 TH JUDICIAL DISTRICT

SHRUM, JERRY

Plaintiff

vs.

STATE FARM FIRE & CASUALTY COMPANY
C/O COMMISSIONER OF INSURANCE
NAIC 25143
NASHVILLE, TN 37248

Defendant

CIVIL ACTION
DOCKET NO. 25C2231
Method of Service:
  Commissioner Of Insurance

*Service ID 537898*

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 08/12/2025

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MICHAEL DANIEL QUINTERO
P.O. BOX 60507
NASHVILLE, TN 37206

---

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS                                              NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 537898

SHRUM, JERRY

                              Plaintiff

vs.

STATE FARM FIRE & CASUALTY COMPANY
C/O COMMISSIONER OF INSURANCE
NAIC 25143
NASHVILLE, TN 37248

                              Defendant

CIVIL ACTION
DOCKET NO. 25C2231
Method of Service:
 Commissioner Of Insurance

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ _____ _____, 20____, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 537898

rev. 09/01/2022

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT IN AND FOR DAVIDSON COUNTY, TENNESSEE

JERRY SHRUM,

      Plaintiff,

vs.

STATE FARM FIRE & CASUALTY COMPANY,

      Defendant.

Docket No.: _____

JURY DEMAND

_____/

### COMPLAINT

**COMES NOW** the Plaintiff, Jerry Shrum, by and through the undersigned attorney, hereby sues the Defendant, State Farm Fire & Casualty Company, and alleges as follows:

### PARTIES

1.      Jerry Shrum ("Plaintiff") is an induvial citizen whose principal place of residence is in Madison, Davidson County, Tennessee. Plaintiff is the owner of the insured property located at 709 N Dupont Avenue, Madison, TN 37115-3007.

2.      State Farm Fire & Casualty Company ("Defendant") is a foreign insurance company licensed in and regularly transacting business within the state of Tennessee. Defendant can be served through the Commissioner of Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243.

### JURISDICTION & VENUE

3.      Plaintiff's claim for relief arises from a covered loss to his property located at 709 N Dupont Avenue, Madison, TN 37115-3007 (the "Property").

1

4. The damages alleged are more than Twenty-Five Thousand Dollars ($25,000.00) exclusive of interest, costs, and attorney's fees.

5. This Court has jurisdiction over Defendant because Defendant does business, has offices, or otherwise maintains agents for the transaction of their customary business in the State of Tennessee, including selling and issuing insurance policies covering property in Davidson County, Tennessee.

6. Venue is properly situated in Davidson County pursuant to Tenn. Code Ann. § 20-4-103.

7. Additionally, Jurisdiction and Venue are proper in this Court, in that all acts complained of herein occurred within Madison, Davidson County, Tennessee.

8. At all times material hereto, Defendant was a corporation duly licensed to transact insurance business in the State of Tennessee.

## FACTS

9. At all times material hereto, Plaintiff was the owner of the Property located at 709 N Dupont Avenue, Madison, TN 37115-3007.

10. On or about September 24, 2024, Plaintiff's Property was damaged by a storm event (the "Loss").

11. Prior to September 24, 2024, the Plaintiff sought and purchased a residential property insurance policy from Defendant to cover their property located at 709 N Dupont Avenue, Madison, TN 37115-3007. Said policy of insurance, policy number 42-CU-E778-5 (the "Policy"), was issued by Defendant to Plaintiff to provide insurance coverage which included, but was not limited to, coverage to the dwelling, other structures, personal property and for additional living expenses for damage caused by wind, rain and hail.

2

12. The Policy issued by Defendant to Plaintiff for the Property was in full force and effect on September 24, 2024. The Policy number is 42-CUE7-785.

13. Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

14. Plaintiff's Property suffered damages as a result of the Loss.

15. Upon learning of the damage, Plaintiff properly gave notice of the Loss to Defendant in accordance with the terms of the Policy. Defendant assigned Claim No. 48-81C7-03T to the Loss (the "Claim").

16. Plaintiff cooperated with Defendant's adjustment of the claim and complied with all conditions precedent to coverage under the policy, or those conditions have been waived by Defendant.

17. As part of the claims process, Plaintiff submitted bills and/or estimates to mitigate and repair covered damages to the Property, however, Defendant failed to indemnify Plaintiff for the full amount of insurance benefits owed to Plaintiff for covered damage sustained to the Property as a result of the Loss.

18. Specifically, on or about March 17, 2025, Defendant inspected the Property.

19. On or about March 24, 2025, after investigating the Loss, Defendant acknowledged covered damages to Property as a result of the Loss and tendered payment on the Claim.

20. On or about May 21, 2025, Plaintiff submitted its estimate for repairs and invoices for mitigation and demanded payment of the balance.

21. In response to Plaintiff's demand for payment, Defendant acknowledged receipt but ultimately did not provide any further payment.

3

22. On or about July 22, 2025, due to the parties' disagreement concerning the amount and scope of the loss, Plaintiff submitted a written request for appraisal per the Policy's appraisal provision and named their appraiser.

23. On or about August 11, 2025, Defendant rejected Plaintiff's request for Appraisal.

24. To date, Defendant has failed to indemnify Plaintiff for the full amount of insurance benefits owed to Plaintiff for covered damage sustained to the Property as a result of the Loss and as required by the Policy.

25. Therefore, a bona fide dispute has arisen between Plaintiff and Defendant as to the amount of loss and the benefits still owed to Plaintiff under the policy.

26. This is an action related to Defendant's breach of contract and failure to fully indemnify Plaintiffs from loss and issue the full amount of insurance benefits owed for necessary repairs to Plaintiffs' Property.

## COUNT I – BREACH OF CONTRACT

**COMES NOW** the Plaintiff, Jerry Shrum, by and through the undersigned attorney sues the Defendant, State Farm Fire & Casualty Company, and alleges as follows:

27. Plaintiff does hereby repeat and re-allege Paragraphs 1 through 26 above and incorporates the same by reference herein.

28. Plaintiff is a named insured under the Plaintiff's Policy which was in full force and effect at all times material to this Complaint.

29. Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover benefits under Plaintiff's Policy, or any such conditions have been waived.

30. Despite submitting bills and/or estimates to mitigate and repair covered damages caused by the Loss, Defendant has failed or refused to pay all of Plaintiff' bills and estimates for mitigation and repairs to damaged property.

4

31. Defendant's failure to reimburse Plaintiff adequately for damages, and otherwise make Plaintiff whole, constitutes a material breach of contract.

32. Despite appraisal being appropriate and Plaintiff properly invoking their right to appraisal, Defendant has refused to name their appraiser and submit to appraisal.

33. Defendant's refusal to name their appraiser and submit to appraisal constitutes a material breach of contract.

34. Plaintiff has been damaged as a result of Defendant's breach in the form of substantial compensable losses, including but not limited to, insurance proceeds which have not been paid plus interest and costs and/or any foreseeable consequential damages in enforcing the Policy.

35. Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy caused the Plaintiff to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

36. Plaintiff has been and remains fully prepared to comply with all of the obligations pursuant to the aforesaid contract of insurance.

37. Defendant's acts and omissions were a direct and proximate cause of Plaintiff's injuries described herein.

38. Moreover, Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g.*, *Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2014). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was reasonably clear; (2) refused and failed to conduct a reasonable, prompt, and fair investigation concerning the issues surrounding Plaintiff's claim for insurance proceeds; (3) unjustly refused and/or failed to fully pay Plaintiff's claim for its own

5

financial preservation with no reasonable or justifiable basis; (4) failed to treat Plaintiff's interest with equal regard to its own; (5) promised prompt action and claim-handling but then failed to provide proper payment; (6) failed and refused to pay Plaintiff's full, valid claim; (7) unnecessarily delayed payment of Plaintiff's insured losses; (8) underpaid Plaintiff for their insured losses; (9) misrepresented relevant facts or policy provisions relating to coverages at issue; (10) misrepresented pertinent benefits, coverages or other provisions of the Policy; (11) refused to pay claims without conducting a reasonable investigation; (12) made claims payments to Plaintiff without indicating the coverage under which payment is being made; and (13) failed to abide by the Rules of the Tennessee Department of Commerce and Insurance ("TDCI Rules").

39.     Instances of said conduct include, but are not limited to:

a. Defendant failed to provide necessary claim forms to Plaintiff upon receiving notification of the Claim so that Plaintiff could comply with the Policy conditions and the insurer's reasonable requirements in accordance with TDCI Rule 0780-01-05-.07(4) and Tennessee Law;

b. Defendant refused to pay the full amount of Plaintiff's estimate for roof replacements to the Main Dwelling, Detached Garage, and Detached Shed despite Defendant finding coverage for roof replacements for all three (3) structures and did not provide any reasonable explanation for its refusal to do so;

c. Defendant failed to account for the proper scope of repairs in accordance with TDCI Rule 0780-01-05-.10(1) and Tennessee Law;

d. Defendant misrepresented benefits, coverages, and other provisions pertinent to the Claim in violation of TDCI Rule 0780-01-05-.06(2) and Tennessee Law by providing inconsistent and misleading bases for coverage to Plaintiff;

6

e.  Defendant made claims payments to Plaintiff without indicating the coverage under which payment is being made in violation of Tennessee Law by providing inconsistent and misleading bases for coverage to Plaintiff;

f.  Defendant failed to properly investigate or engage in any discussion regarding Plaintiff's estimate and invoices for repairs in violation of Tennessee Law;

g.  Defendant made misrepresentations regarding Xactimate's inclusion of Overhead & Profit and the basis for whether Overhead & Profit is warranted contrary to Tennessee Law;

h.  Defendant misrepresented benefits, coverages and other provisions pertinent to the Claim in violation of TDCI Rule 0780-01-05-.06(2) and Tennessee Law by asserting to Plaintiff that there is "no coverage for tarps" despite the Loss being covered and Plaintiff's obligation under the Policy to protect the Property from further damage or loss;

i.  Defendant refused to name their appraiser and submit to appraisal when under the circumstances it was reasonably clear that appraisal was appropriate under the Policy and Tennessee Law;

j.  Defendant refused to name their appraiser and submit to appraisal despite being obligated under the Policy and Tennessee Law to do so;

k.  Defendant refused to name their appraiser and submit to appraisal despite being ordered numerous times to submit to appraisal by Tennessee State and Federal Courts in other cases with identical or similar facts as the instant case;

l.  Defendant misrepresented the appraisal provision of the Policy and Tennessee Law when it refused to name its appraiser and submit to appraisal after Plaintiff properly invoked its right to appraisal despite Defendant being ordered

7

numerous times to submit to appraisal by Tennessee State and Federal Courts in other cases with identical or similar facts as the instant case;

m. Defendant failed to provide a basis for denial in accordance with TDCI Rule 0780-01-05-.08 and Tennessee law despite making representations that Plaintiff's estimate presents "a dispute in coverage under the policy and items not covered under this claim" and appraisal was not appropriate due to the same; and

n. Such other facts described in Plaintiff's Complaint, to be determined during discovery, and to be shown at trial.

40. Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due to him under the terms of the Policy and Tennessee law. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing, or willfully disregarding the probability of causing, unjust and cruel hardship on Plaintiff, Defendant consciously ignored Plaintiff's valid claim and then withheld monies and benefits rightfully due to Plaintiff.

41. Plaintiffs seek, and are entitled to, punitive damages

## COUNT II – STATUTORY BAD FAITH – T.C.A. § 56-7-105

**COMES NOW** the Plaintiff, Jerry Shrum, by and through the undersigned attorney sues the Defendant, State Farm Fire & Casualty Company, and alleges as follows:

42. Plaintiff re-alleges Paragraphs 1 through 41 above and incorporates the same by reference herein.

43. On May 21, 2025, Plaintiff's counsel made a formal demand for payment of the unpaid portions of Plaintiff's Claim that was due and payable under the Policy to Defendant via

8

electronic mail addressed to Defendant. A copy of Plaintiff's demand is attached hereto as "**Exhibit A**".

44.     Said demand put Defendant on notice of their failure to pay the full amount of insurance benefits owed to Plaintiff for damage sustained to the covered Property as a result of the Loss and that the demand was pursuant to Tenn. Code Ann. § 56-7-105.

45.     Defendant's refusal and failure to pay the full amount of insurance benefits owed to Plaintiffs is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105(a) as more than sixty (60) days have passed since a formal demand has been made on Defendant, full payment has not been made for the Loss as required pursuant to the Policy, and Defendant's failure to pay the Loss inflicted additional expense, loss, or injury including attorney fees upon Plaintiffs.

46.     As such, the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

47.     Defendant's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

    a. Defendant's failure to provide necessary claim forms, instructions and reasonable assistance upon receiving notification of the Claim, so that Plaintiff can comply with the policy conditions and the insurer's reasonable requirements;

    b. Defendant's intentional failure to fully inform Plaintiff of her rights and obligations under the Policy;

    a. Defendant's intentional and continued refusal and/or failure to pay the full amount of insurance benefits owed to Plaintiff;

9

b. Defendant's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's full claim when liability was reasonably clear;

c. Defendant's failure to promptly provide Plaintiff with a reasonable, fair, and accurate explanation for its refusal to pay Plaintiff's claim in full;

a. Defendant's misrepresentations of the pertinent benefits, coverages, and other provisions of the Policy;

b. Defendant's misrepresentations of Tennessee Law;

c. Defendant's failure to name their appraiser and submit to appraisal when under the circumstances it was reasonably clear that appraisal was appropriate under the Policy and Tennessee Law;

d. Defendant's failure to name their appraiser and submit to appraisal despite being obligated under the Policy and Tennessee Law to do so;

e. Defendant's failure to name their appraiser and submit to appraisal despite being ordered numerous times to submit to appraisal by Tennessee State and Federal Courts in other cases with identical or similar facts as the instant case;

f. Defendant's failure to provide a basis for denial despite making representations that Plaintiff's estimate presents "a dispute in coverage under the policy and items not covered under this claim" and appraisal was not appropriate due to the same; and

g. Defendant's failure to adhere to the Rules and Laws of the State of Tennessee;

48. As a result of Defendant's bad faith, Plaintiff has been damaged in an amount to be determined by a Davidson County Jury and the and the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

10

**WHEREFORE,** as a result of the forgoing, Plaintiff would respectfully request that this Honorable Court award a judgement against Defendant as follows:

A. For any and all compensatory damages in the amount of $ $102,472.68;

B. For punitive damages in an amount to be determined by a jury;

C. For statutory bad faith damages, pursuant to Tenn. Code Ann § 56-7-105(a), for 25% of the losses incurred by Plaintiff;

D. For all costs incurred by Plaintiff as a result of this action;

E. All pre and post-judgement interest; and

F. Any other general relief that this Honorable Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a jury of his peers.

**Dated: August 12, 2025**

Respectfully Submitted.

**QUINTERO LAW FIRM PLLC**
Michael D. Quintero, Esq.
TNBPR 038642
P.O. Box 60507
Nashville, TN 37206
mquintero@quinterofirm.com
Phone: 407.900.3582
Attorney for Plaintiff

11

## <u>CERTIFICATE OF SERVICE</u>

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served

on the Defendant along with the Summons in this action.

Respectfully Submitted.

**QUINTERO LAW FIRM PLLC**
Michael D. Quintero, Esq.
TNBPR 038642
P.O. Box 60507
Nashville, TN 37206
mquintero@quinterofirm.com
Phone: 407.900.3582
Attorney for Plaintiff

12

EXHIBIT A

EFILED 08/12/25 02:16 PM CASE NO. 25C2231 Joseph P. Day, Clerk

 **Gmail**

Michael Quintero <mquintero@quinterofirm.com>

## Claim 4281C703T - Demand Pursuant to TCA 56-7-105 - Jerry Shrum
1 message

**Michael D. Quintero, Esq.** <mquintero@quinterofirm.com>        Wed, May 21, 2025 at 11:04 AM
To: HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>

Good morning,

The purpose of this email is to provide you with our claim breakdown and formal demand for payment pursuant to **T.C.A. 56-7-105**. Attached you will find Insured's estimate for repairs along with our Insured's invoices for tarping.

Our estimate and invoices are as follows:

$82,371.79 - Roofing estimate

$12,000.00 - Tarping Invoice 1

$14,000.00 - Tarping Invoice 2

$3,000.00 - Tarping Invoice 3


**$111,371.79 - TOTAL CLAIM**


At this time, we have not received any payments from State Farm despite being provided with an estimate dated 03/25/25 and payment letter indicating that payment in the amount of $2,421.60 was forthcoming. Taking into account the deductible of $2,688.00 that leaves a total balance amount of **$108,683.79** to be paid by State Farm.

Pursuant to **TCA 56-7-105** this is our formal demand for the balance of **$108,683.79.** Failure to satisfy this balance will result in a Breach of Contract and Bad Faith claim being brought against State Farm.

Please review and we look forward to working with you to resolve this claim.

--
Michael D. Quintero, Esq.
Quintero Law Firm PLLC
P.O. Box 60507
Nashville, Tennessee 37206
407.900.3582

This communication, including any attachments, is from Quintero Law Firm PLLC and contains confidential information intended only for the addressee(s). The information contained in this transmission may also be privileged and/or subject to attorney work-product protection, and exempt from disclosure under applicable law. If you are not the intended recipient, any use, dissemination, distribution or copying of this document or its contents is strictly prohibited. If you have received this communication in error, please contact the sender by reply e-mail immediately and destroy all copies of the original message.

**4 attachments**

 **Shrum - Repair Estimate (05-09-25).pdf**
80K

**Shrum - Tarping Invoice 3.pdf**
281K

EFILED 08/12/25 02:16 PM CASE NO. 25C2231 Joseph P. Day, Clerk

**Shrum - Tarping Invoice 2.pdf**
267K

**Shrum - Tarping Invoice 1.pdf**
267K

EFILED 08/12/25 02:16 PM CASE NO. 25C2231 Joseph P. Day, Clerk

State of Tennessee
Department of Commerce & Insurance
Service of Process 10th Floor
500 James Robertson Pkwy
Nashville, TN 37243-0565



CERTIFIED MAIL

7020 1290 0001 6214 4452

First Class Mail
Com BasPrice

US POSTAGE ᵖᵇ FITNEY BOWES

ZIP 37243
02 4W
0000390153 AUG 29 2025

$ 021.50⁰

7020 1290 0001 6214 4452  August 2025

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203